MAX CAWAL AND DENISE CAWAL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cawal v. Commissioner
Docket No. 19795-91
United States Tax Court
T.C. Memo 1992-444; 1992 Tax Ct. Memo LEXIS 467; 64 T.C.M. (CCH) 400; August 6, 1992, Filed *467 An order denying respondent's motion will be issued. For Petitioners: Larry Kars. For Respondent: Sandy Freund. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. [1] The issue for decision is whether the notice of deficiency issued to petitioners is invalid so as to deprive the Court of jurisdiction. In a notice of deficiency issued July 11, 1991, respondent determined that petitioners are liable for the addition to tax for failure to file a timely return under section 6651(a)(1) for taxable year 1982 in the amount of $ 4,589. Issuance of the notice of deficiency followed the dismissal of a partnership proceeding in this Court relating to a partnership in which petitioners purportedly have an interest (MTI Associates 82-3, 1982 Investor Associates IV v. Commissioner, docket No. 3340-88). *468 The foregoing case was dismissed on August 20, 1990, by an order of dismissal and decision. The decision adjusted the allowable partnership loss and the basis in property qualifying for investment tax credit of partnership items of the partnership. Attached to the notice of deficiency are pages of computations which purport to calculate the addition to tax under section 6651(a)(1). The Income Tax Examination Changes attached to the notice of deficiency reflect a disallowed investment tax credit in the amount of $ 18,060 and a tax in the amount of $ 297. The failure to file addition to tax is computed as 25 percent of $ 18,357 ($ 18,060 + $ 297). The parties now agree that petitioners have not filed a Federal income tax return for taxable year 1982, nor has respondent prepared a substitute return for 1982. Petitioners filed a timely petition from the July 11, 1991, notice of deficiency. At the time they filed their petition herein, petitioners resided at Orlando, Florida. When this case was called for trial, counsel for respondent filed a motion to dismiss for lack of jurisdiction. Respondent argues that the Court does not have jurisdiction since the notice of deficiency *469 was prematurely issued (prior to the filing of petitioners' Federal income tax return) and is thus invalid. Petitioners filed a response to respondent's motion. In their response, petitioners do not dispute that the notice of deficiency was issued on the erroneous assumption that a return was filed, but they do not concur that the case should be dismissed for lack of jurisdiction. It is uncontroverted that the Tax Court is a court of limited jurisdiction. Secs. 6212 and 6213; . In general, Tax Court jurisdiction exists only where there has been issued a valid notice of deficiency and a timely petition has been filed therefrom. ; ; . No particular form is required for a "valid" notice of deficiency. However, the notice must meet "certain substantial requirements." ; affg. . "The notice *470 must at a minimum indicate that the IRS has determined * * * the amount of the deficiency." , affg. an unpublished order of this Court. Respondent asserts in her motion that, since no return has been prepared or filed for 1982, there is no determination of an underpayment of tax upon which the addition to tax may be computed. Accordingly, respondent argues that the notice of deficiency is invalid. Despite respondent's argument, attached to the notice of deficiency are pages of computations which purport to "determine" the addition to tax. [2] It is the determination of a deficiency, not the existence of a deficiency, which is a predicate to Tax Court jurisdiction. . A ruling that the notice of deficiency is erroneous would not deprive us of jurisdiction so long as the notice of deficiency in fact determined a deficiency.
*471 The tax treatment of any partnership item is generally determined at the partnership level. Sec. 6621; . Following a determination at the partnership level, respondent may determine a deficiency with respect to affected items. Sec. 6230(a). An affected item is "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5). One type of affected item is dependent upon factual determinations relating to an adjustment made at the partner level. Respondent normally issues a notice of deficiency to the individual partner for these affected items after completion of the partnership proceeding. . The addition to tax pursuant to section 6651(a)(1) is an affected item for which respondent must issue a notice of deficiency, and over which we may exercise jurisdiction. Sec. 6230(a)(2)(A)(i); . Respondent apparently followed this procedure in the issuance of a notice of deficiency to petitioners with respect to the addition to tax under section 6651(a)(1). Nothing in the record *472 indicates that the deficiency determination was based on information not relating to petitioners. ; ; . The fact that respondent now admits that her determination was erroneous does not deprive us of jurisdiction. To reflect the foregoing, An order denying respondent's motion will be issued.
Footnotes
1. This case was heard pursuant to sec. 7443A(b)(4). All section references are to the Internal Revenue Code.↩
2. An addition to tax under sec. 6651(a)(1) is treated as a tax and can be the source of a deficiency. Sec. 6659 (now sec. 6665(a)).↩